## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LARRY WILLIAMSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0402** (BOR Appeal No. 2048871)
(Claim No. 2011003151)

**MARBLE KING INCORPORATED,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Larry Williamson, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Marble King Incorporated, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated Marcy 27, 2014, in which the Board affirmed a September 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 16, 2012, decision to grant Mr. Williamson a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Williamson, a machine operator for Marble King Incorporated, was moving a marble cutting machine on July 24, 2010, when he felt pain in his lower back. Mr. Williamson was treated for a lumbar sprain and his claim was held compensable for the same. On October 8, 2012, Mr. Williamson reported to Sushil Sethi, M.D., for an independent medical evaluation. Dr. Sethi determined that Mr. Wilson was at his maximum degree of medical improvement. Dr. Sethi did not find any impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), but found 5% whole person

1

impairment based upon range of motion deficits in the lumbar spine. Dr. Sethi then placed Mr. Williamson under West Virginia Code of State Rules § 85-20-C (2006), for 5% whole person impairment related to the July 24, 2010, injury. On October 16, 2012, the claims administrator granted Mr. Williamson a 5% permanent partial disability award based upon the Dr. Sethi's independent medical evaluation. Mr. Williamson protested.

On November 15, 2012, Mr. Williamson reported to Bruce Guberman, M.D., for an independent medical evaluation. Dr. Guberman determined that Mr. Williamson was at his maximum degree of medical improvement for his July 24, 2010, injury. Dr. Guberman placed Mr. Williamson in Lumbar Category II-B from the American Medical Association's *Guides*, for 5% whole person impairment. Dr. Guberman found 6% whole person impairment based upon range of motion deficits in the lumbar spine. He combined the 5% Table 75 impairment with the 6% range of motion impairment for a total of 11% whole person impairment. He then placed Mr. Williamson in Category II of West Virginia Code of State Rules § 85-20-C, which has an allowable rating of 5% to 8%. Dr. Guberman adjusted the 11% whole person impairment down to 8% whole person impairment to fit within Category II.

On April 15, 2013, Mr. Williamson reported to Victoria Langa, M.D., for an independent medical evaluation. Dr. Langa found that Mr. Williamson was at his maximum degree of medical improvement. Dr. Langa opined that Mr. Williamson would not qualify for any Table 75 placement. Dr. Langa further opined that he suffered from 2% whole person impairment related to the range of motion deficits in his lumbar spine. Dr. Langa then noted that Mr. Williamson would fall into Lumbar Category II in West Virginia Code of State Rules § 85-20-C. She adjusted the 2% rating to 5% whole person impairment to fit within the category.

The Office of Judges found that Mr. Williamson was not entitled to any more than a 5% permanent partial disability award. The Office of Judges noted that Dr. Guberman was the only physician that found Table 75 impairment. The Office of Judges further noted that Dr. Guberman did not provide a rationale for placing Mr. Williamson in Table 75. Because Dr. Guberman did not explain his Table 75 placement, and the other physicians did not find any Table 75 impairment, the Office of Judges determined that the evidence supported granting Mr. Williamson no more than a 5% permanent partial disability award. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. The Office of Judges determined that Dr. Langa and Dr. Sethi's reports were more persuasive than the report of Dr. Guberman. Because Dr. Guberman's report represented a deviation from the other evaluators and his deviation was not explained, it was not in error for the Office of Judges to refuse to accept his report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II